STANLEY GOFF (Bar No. 289564)
LAW OFFICE OF STANLEY GOFF
15 Boardman Place Suite 2
San Francisco, CA 94103
Telephone: (415) 571-9570
Email: scraiggoff@aol.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE WILSON<br><br>     **Plaintiff,**<br>**v.**<br><br><br>**JESSIE CERDAS; ACHAKZAI AND DOES 1-50**<br><br>     **Defendants.** | **Case No.**<br><br><br>**COMPLAINT FOR DAMAGES**<br><br><br><br><br>**DEMAND FOR JURY TRIAL** |

1

Plaintiff, demanding a jury trial, brings this action against Defendants Jesse Cerdas, Achakzai, and Concord Police officers DOES 1-50, inclusive, for general, consequential, compensatory, punitive and statutory damages, costs and attorneys' fees resulting from defendants' unconstitutional and tortious conduct, and as grounds therefore allege as follows:

## PARTIES

1. Plaintiff JESSIE WILSON was at all times relevant to this complaint, living in Concord, which is located within the Northern District of California.

2. Officer Jesse Cerdas was employed as a police officer for the City of Concord at the time of the incident regarding this suit. This person is being sued in his individual capacity.

3. Officer Achakzai was employed as a police officer for the City of Concord at the time of the incident regarding this suit. This person is being sued in her individual capacity.

4. Defendants Concord Police Officers DOE 1-50 were employed by the City of Concord at the time of the incident. These individuals are being sued in their individual capacities and will be identified and named in the complaint once their identities have been ascertained by the Plaintiff.

5. **_All defendants_** acted under the color of law as it pertains to this complaint.

2

## II. JURISDICTION AND VENUE

6. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and 12132 and the Fourth and Fourteenth Amendments to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in the Northern District.

## III. STATEMENT OF FACTS

7. On August 18, 2023, at approximately 11:26 p.m., Defendants Concord Police officers Jesse Cerdas and Off. Achakzai (Defendants) observed a black BMW driving in front of them. A records check revealed that the registration for the BMW had expired ten days earlier, on August 8, 2023.

8. The Defendants initiated a traffic stop, and the vehicle yielded without incident. Officer Cerdas made contact with the driver and sole occupant of the vehicle, later identified as Plaintiff Jessie Wilson. Mr. Wilson was clear of wants/warrants but he had a suspended driver's license. Officer Cerdas smelled the odor of freshly burnt marijuana and observed loose marijuana in the center console and the driver door pocket of the vehicle.

9. Based solely on those observations, Officer Cerdas ordered Mr. Wilson out of the vehicle. He conducted a pat search, which was negative. Officer Cerdas conducted an ARIES check for Mr. Wilson, which showed that Mr. Wilson had been on probation for a Violation of Pen. 'Code § 487(d)(2), but that probation term had expired on July 21, 2023.

10. Officer Cerdas also saw what he believed was another probation docket that had no dates associated with it. Officer Cerdas handcuffed Mr. Wilson and placed him in the back of his patrol car. Officer Cerdas asked Mr. Wilson for consent to search the vehicle. Mr. Wilson indicated he did not consent to a search of the car.

11. Officer Cerdas and Officer Achakzai then conducted a full search of the vehicle. Behind an air vent in the front console, Officer Cerdas eventually located a firearm. Mr. Wilson was placed under arrest for possession of a firearm and his car was towed pursuant to Veh. Code § 22651.

3

12. The Plaintiff's criminal defense attorney subsequently brought a motion to suppress the evidence based on unlawful seizure of the Plaintiff and unlawful search. The motion was granted and the case was dismissed on February 6, 2024.

## IV. CAUSES OF ACTION

### FIRST CLAIM
**Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983**
(*false arrest*)

13. Plaintiff incorporates herein by reference the preceding paragraphs 1-12 of this complaint as fully set forth herein.

14. That Defendants, acting under color of authority, unlawfully seized the Plaintiff in violation of the Fourth Amendment by deliberately and intentionally ordering the Plaintiff out of his car, placing him in handcuffs and placing him in the back of a police car.

15. Plaintiff had not committed any crime.

16. No probable cause existed that the Plaintiff had committed any crime.

17. Defendants did not have an arrest warrant to arrest the Plaintiff.

18. Such actions were in conscious and reckless disregard of the risk of injury and under the circumstances, there was no objectively reasonable basis for the defendants' actions.

19. As a direct result of the Defendants' actions and inactions, Plaintiff's constitutional rights were violated, resulting in Plaintiff's injuries.

20. The conduct of Defendants as alleged, was intended to cause injury to Plaintiff and was done in conscious disregard of Plaintiff's rights and safety and thus constitutes malice.

21. Because the above acts were performed in a malicious, and/or oppressive manner, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof.

4

## SECOND CLAIM
**Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983 (*Illegal Search*)**

22. Plaintiff incorporates herein by reference the preceding paragraphs 1-21 of this complaint as fully set forth herein.

23. That Defendants entered the Plaintiff's car and searched his car without a warrant or Plaintiff's consent, in violation of the Fourth Amendment.

24. As a direct result of the Defendants' actions and inactions, Plaintiff's constitutional rights were violated, resulting in Plaintiff's injuries.

25. Because the above acts were performed in a malicious, and/or oppressive manner, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof.

## V. PRAYER FOR RELIEF

Plaintiff prays for judgment against defendants as follows:

1. For compensatory damages and other special damages according to proof;

2. For general damages according to proof;

3. For punitive damages against all individual defendants according to proof;

4. The prejudgment interest at the legal rate according to proof;

5. For costs and reasonable attorneys' fees as provided by law; and

6. For such other relief as the Court may deem fit and proper.

## VI. JURY DEMAND

Plaintiff demands a jury trial in this action.

LAW OFFICE OF STANLEY GOFF

Dated: February 6, 2026

*/s/ STANLEY GOFF*
STANLEY GOFF
Attorney for Plaintiff

6