United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

JESSIE WILSON,

Plaintiff,

v.

JESSIE CERDAS, et al.,

Defendants.

Case No. 26-cv-01190-LB

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS AND DENYING LEAVE TO AMEND**

Re: ECF No. 26

## INTRODUCTION

Jessie Wilson sued Officers Cerdas and Achakzai of the Concord Police Department under 42 U.S.C. § 1983, claiming that they unlawfully seized him and searched his car during a traffic stop in August 2023.[1] The officers move for judgment on the pleadings on the grounds that (1) the claims are time-barred, (2) the complaint establishes probable cause, and (3) qualified immunity applies.[2] Mr. Wilson concedes that the claims are time-barred but asks for leave to amend to add a claim for malicious prosecution.[3]

[1] Corrected Compl. – ECF No. 2 at 3–5 (¶¶ 7–25). Record citations are to the ECF-stamped page numbers at the top of filed documents. The parties consented to magistrate-judge jurisdiction. Consents – ECF Nos. 5, 9.

[2] Mot. – ECF No. 26 at 5–16.

[3] Opp'n – ECF No. 30 at 3, 5–9.

The court grants the motion because the claims are time-barred and does not reach the officers' other grounds. The court denies leave to amend. The deadline to amend the pleadings passed in July 2026, so Mr. Wilson must show good cause under Federal Rule of Civil Procedure 16(b)(4) to modify the schedule. He does not try to show it, and his position that the new claim rests on facts already pleaded means that he could have asserted it from the start.

## STATEMENT

The complaint alleges the following. On August 18, 2023, Officers Cerdas and Achakzai observed a black BMW and found through a records check that the vehicle's registration had expired on August 8, 2023.[4] The officers initiated a traffic stop, and the vehicle "yielded without incident." Mr. Wilson was clear of wants and warrants but had a suspended driver's license. Officer Cerdas "smelled the odor of freshly burnt marijuana and observed loose marijuana in the center console and the driver door pocket of the vehicle."[5]

"Based solely on those observations," the officers ordered Mr. Wilson out of the vehicle and conducted a pat search, which was negative. Officer Cerdas ran an ARIES check, which showed that Mr. Wilson had been on probation for a violation of Penal Code § 487(d)(2) and that the term had expired on July 21, 2023.[6] Officer Cerdas "also saw what he believed was another probation docket that had no dates associated with it." The officers handcuffed Mr. Wilson and placed him in the back of a patrol car. Officer Cerdas asked for consent to search the vehicle. Mr. Wilson declined.[7]

The officers searched the vehicle and found a firearm behind an air vent in the front console. Mr. Wilson was "placed under arrest for possession of a firearm."[8] According to the state-court

---

[4] Corrected Compl. – ECF No. 2 at 3 (¶ 7).

[5] *Id.* (¶ 8).

[6] *Id.* (¶ 9).

[7] *Id.* (¶ 10).

[8] *Id.* at 4 (¶ 11).

record, the district attorney filed a felony complaint against him on October 20, 2023.[9] Mr. Wilson's criminal defense attorney later brought a motion to suppress, the motion was granted, and the case was dismissed on February 6, 2024.[10] The court takes judicial notice of the dates of the state-court filings, which Mr. Wilson does not dispute.[11] Fed. R. Evid. 201(b); *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001).

Mr. Wilson filed this lawsuit on February 6, 2026.[12] The operative complaint asserts two § 1983 claims for false arrest and illegal search in violation of the Fourth Amendment.[13] The court issued a scheduling order setting the deadline to seek leave to amend the pleadings as July 17, 2026.[14] On September 10, 2026, almost two months after the deadline, Mr. Wilson moved for leave to amend to add claims under § 1983 for malicious prosecution and fabrication of evidence, asserting good cause based on body-camera footage that the officers had just produced.[15] The officers opposed the motion on the grounds that Mr. Wilson had not been diligent and that the new claims were futile.[16] The court extended Mr. Wilson's time to reply and warned that he risked conceding the motion.[17] He withdrew the motion that day.[18]

The officers move for judgment on the pleadings on the § 1983 claims.[19]

## ANALYSIS

There are three issues: timeliness, leave to amend, and a request to seal an exhibit.

---

[9] Felony Compl., Ex. D to Blechman Decl. – ECF No. 26-1 at 12.

[10] Corrected Compl. – ECF No. 2 at 4 (¶ 12).

[11] Opp'n – ECF No. 30 at 4.

[12] Compl. – ECF No. 1.

[13] Corrected Compl. – ECF No. 2 at 4–5 (¶¶ 13–25).

[14] Order – ECF No. 14.

[15] Mot. for Leave to Amend – ECF No. 17 at 2–5.

[16] Opp'n – ECF No. 22 at 7–15.

[17] Order – ECF No. 23.

[18] Notice of Withdrawal – ECF No. 24.

[19] Mot. – ECF No. 26; Opp'n – ECF No. 30; Reply – ECF No. 31. The court can decide the motion without oral argument. Civil L.R. 7-1(b).

**1. The Claims Are Time-Barred**

"After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "[T]he same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog" because the motions are "functionally identical." *Dworkin v. Hustler Mag., Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). A Rule 12(c) motion may thus be predicated on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A § 1983 claim borrows the forum state's limitations period for personal-injury claims and its tolling rules, but federal law determines when the claim accrues. *Wallace v. Kato*, 549 U.S. 384, 387–88, 394 (2007). In California, the limitations period is two years. Cal. Civ. Proc. Code § 335.1. For claims against peace officers based on conduct relating to a charged offense, the period is tolled while the charges are pending in superior court. Cal. Gov't Code § 945.3; *Lockett v. County of Los Angeles*, 977 F.3d 737, 740–41 (9th Cir. 2020).

The officers contend, and Mr. Wilson does not dispute, that both claims accrued in August 2023, when the officers seized him and searched his car, and that the limitations period, including 109 days of tolling while the charges were pending, expired on December 10, 2025.[20] Mr. Wilson filed this lawsuit about two months later, and he "does not oppose entry of judgment" on both claims on this ground.[21] The court thus grants the motion because the claims are time-barred. It does not reach the officers' other arguments, which Mr. Wilson disputes, that the complaint establishes probable cause and that qualified immunity applies.

**2. The Court Denies Leave to Amend**

Mr. Wilson asks for leave to file an amended complaint that adds a Fourth Amendment claim for malicious prosecution and, "[i]f the record supports it," a Fourteenth Amendment claim for

[20] Mot. – ECF No. 26 at 7–8; Opp'n – ECF No. 30 at 3, 5.

[21] Opp'n – ECF No. 30 at 3, 5.

United States District Court
Northern District of California

deliberate fabrication of evidence.[22] The court denies leave because Mr. Wilson has not shown good cause to modify the schedule and because the complaint does not already plead the new claim.

**2.1 Mr. Wilson Has Not Shown Good Cause Under Rule 16(b)**

Ordinarily, a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). But where a party seeks leave to amend after the date specified in a scheduling order, Rule 16(b) also applies. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). If the party seeking amendment shows good cause, then the party must demonstrate that the amendment is proper under Rule 15. *Johnson*, 975 F.2d at 608. To determine whether good cause exists to modify the scheduling order, courts focus on the reasonable diligence of the moving party. *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); *see also Johnson*, 975 F.2d at 609 ("carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief" under Rule 16(b); "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, [but] the focus of the inquiry is upon the moving party's reasons for seeking modification"). "If that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609.

Mr. Wilson has not shown good cause. The deadline to seek leave to amend was July 17, 2026, and he made this request more than three months later, on October 21, 2026. Yet his opposition argues only Rule 15. It does not mention the scheduling order, Rule 16, good cause, or diligence.[23] Without an explanation for the delay, the court has no basis to find that Mr. Wilson was diligent, and "the inquiry should end." *Id.*

Nor could Mr. Wilson show diligence, given his own account of the claim. He says that the claim "arises from the prosecution already alleged in the complaint" and that an amendment would

---

[22] *Id.* at 3, 8–9.

[23] *Id.* at 6–9.

United States District Court
Northern District of California

"simply add a label and supporting detail to facts already pleaded."[24] If so, he has known the facts since the superior court dismissed the charges in February 2024, two years before he filed this lawsuit. Good cause is ordinarily lacking when the party "has been aware of the facts and theories supporting amendment since the inception of the action." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (cleaned up), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015).

Mr. Wilson also knows what Rule 16 requires: his September motion argued good cause.[25] The officers responded that they had identified the body-camera footage in their initial disclosures two months before the deadline and that Mr. Wilson never asked for it.[26] He withdrew the motion instead of replying, and his new request makes no showing at all.

The request is also procedurally improper. A request for a court order must be made by motion, and a party moving to amend must attach the proposed pleading and a redline. Fed. R. Civ. P. 7(b)(1); Civil L.R. 7-1(a), 15-1(a). Mr. Wilson did neither. *See Gardner v. Martino*, 563 F.3d 981, 991 (9th Cir. 2009) (affirming denial of leave where the plaintiffs filed no formal motion, omitted the proposed pleading that the local rule required, and gave the court "no basis to allow an amendment").

Because Mr. Wilson has not shown good cause for either new claim, the court does not reach his arguments under Rule 15, including whether the claims would be timely.

### 2.2 The Complaint Does Not Already Plead a Malicious-Prosecution Claim

Mr. Wilson also contends that no amendment is needed because the complaint gave the officers fair notice of a malicious-prosecution claim, so any judgment "should not extend to claims arising from the Plaintiff's prosecution."[27] A complaint need not name the legal theory that supports a claim. *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam); *Alvarez v. Hill*,

---

[24] *Id.* at 3, 8.

[25] Mot. for Leave to Amend – ECF No. 17 at 4–5.

[26] Opp'n – ECF No. 22 at 7–11; Blechman Decl. – ECF No. 22-1 at 1–2 (¶¶ 3–8).

[27] Opp'n – ECF No. 30 at 8.

518 F.3d 1152, 1157 (9th Cir. 2008). But the plaintiff "must plead facts sufficient to show that her claim has substantive plausibility." *Shelby*, 574 U.S. at 12.

The complaint does not plead facts that make out a malicious-prosecution claim. A plaintiff asserting that claim under the Fourth Amendment "must show that a government official charged him without probable cause, leading to an unreasonable seizure of his person." *Chiaverini v. City of Napoleon*, 602 U.S. 556, 558 (2024). The complaint pleads claims for the roadside seizure and the search, and it mentions the prosecution only to say that Mr. Wilson's attorney moved to suppress, the motion was granted, and the case was dismissed. It does not describe the charges, say who initiated them, or allege any seizure that followed them.[28] Mr. Wilson's opposition supplies such facts from the state-court record: he was arraigned, released on his own recognizance subject to conditions, and ordered to appear.[29] But a court deciding whether a complaint states a claim "may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). And Mr. Wilson himself treats the claim as new: he asks to file an amended complaint "adding" it.[30] The judgment on the two time-barred claims thus disposes of the case.

### 3. The Court Denies the Request to Seal Without Prejudice

Mr. Wilson asks the court to disregard Exhibit A to the officers' declaration, a page from a probation report in the criminal case, and to seal it because the superior court designated a probation report as confidential.[31] The court did not consider the exhibit. A request to seal must be made by an administrative motion that explains why sealing is warranted. Civil L.R. 79-5(c). Mr. Wilson's one-sentence request does not do that, and it does not establish that Exhibit A is the

---

[28] Corrected Compl. – ECF No. 2 at 3–5 (¶¶ 7–25); *see* Reply – ECF No. 31 at 3.

[29] Opp'n – ECF No. 30 at 4, 7.

[30] *Id.* at 3, 9.

[31] Opp'n – ECF No. 30 at 4; Probation Rep., Ex. A to Blechman Decl. – ECF No. 26-1 at 4.

report that the superior court designated confidential.[32] The court denies the request without prejudice to a motion that complies with the rule.

## CONCLUSION

The court grants the officers' motion for judgment on the pleadings on both claims, with prejudice, because the claims are time-barred. The court denies Mr. Wilson's request for leave to amend and denies without prejudice his request to seal Exhibit A. No claims remain. The court will file judgment separately and order the Clerk of Court to close the case. This resolves ECF No. 26.

**IT IS SO ORDERED.**

Dated: November 11, 2026

LAUREL BEELER
United States Magistrate Judge

[32] Opp'n – ECF No. 30 at 4.